```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JEANNE E. BORAL,

                Plaintiff,

        -against-                        MEMORANDUM AND ORDER
                                         08-CV-3662(JS)(WDW)

UNITED STATES COPYRIGHT OFFICE,
CENTRAL INTELLIGENCE AGENCY,

                Defendants.
----------------------------------------X

APPEARANCES:

For Plaintiff:      Jeanne E. Boral, Pro Se
                    21-31 Brewster Street
                    Apt E-7
                    Glen Cove, NY 11542

For Defendants:     No appearances
```

SEYBERT, District Judge:

Pending before the Court is the pro se Complaint of Jeanne E. Boral ("Plaintiff") against the United States Copyright Office and the Central Intelligence Agency (collectively, "Defendants") seeking $6,000,000 in damages. Plaintiff's one-page complaint alleges:

> The United States Copyright Office either willfully or through gross negligence transferred intellectual property of the Plaintiff to the Central Intelligence Agency, to Wit: the Prince Who Loved Magic, Princess Anne and the Ruby, Marie and the Pig Pen, Cat Scratch Fever, Vale de Fleur, Manuscript Short Stories, 2008, Dribs and Drabs, The Wind Blew Over the Field, Droopy Draws, Various Poetry and Hodge Podge. Agencies of the United States of America caused the publication of Plaintiff's works. Plaintiff did not consent to the publication of her works. Plaintiff

> was not compensated for the publication of her works. Defendants converted Plaintiff's property in violation of the Fourteenth Amendment of the Constitution of the United States of America.

The Complaint states, "[t]he jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1345, 1346." For the reasons set forth below, Plaintiff's Complaint is DISMISSED, and Plaintiff is directed to file an Amended Complaint within thirty (30) days from the date of this Order.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. \_\_, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua sponte. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . .

2

. is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's Complaint falls short of giving fair notice of her claim as required by Rule. The series of statements and allegations in the Complaint appear to relate to the Central Intelligence Agency and issues possibly relating to children's stories. It is unclear what exactly the United States Copyright Office did, how and when they received the alleged copyrighted works, whether Plaintiff does, in fact, have a copyright on the stories, and what the Central Intelligence Agency's involvement is. Defendants cannot be expected to parse Plaintiff's Complaint into comprehensible legal claims, or even understand factually the nature of Plaintiff's allegations. See In re Roy, No. 08-CV-0388, 2008 U.S. Dist. LEXIS 11730, at *2 (E.D.N.Y. Feb. 15, 2008) (dismissing sua sponte for failure to conform with Rule 8); Crisci-Balestra v. Civil Serv. Emples. Ass'n, No. 07-CV-1684, 2008 U.S. Dist. LEXIS 10870, at *18 (E.D.N.Y. Feb. 13, 2008) ("When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua sponte.") (citing to Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

While the pleadings of a pro se litigant should be liberally construed in her favor, Haines v. Kerner, 404 U.S. 519,

3

520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because Plaintiff fails to allege facts to support a claim against the Defendants, the present Complaint fails to satisfy Rule 8 and cannot be sustained in its present form. However, in light of Plaintiff's pro se status, the Court GRANTS Plaintiff thirty (30) days to file an Amended Complaint that corrects the deficiencies noted herein and complies with Federal Rule of Civil Procedure 8.

## CONCLUSION

Based on the foregoing and the Complaint in this action, it is hereby

ORDERED, that the Clerk of the Court mail a copy of this Order to Plaintiff; and it is further

ORDERED, that Plaintiff's Complaint is dismissed without prejudice and with leave to amend within 30 days of the date of this Order; and it is further

ORDERED, that should Plaintiff file an Amended Complaint, she must set forth the legal basis and factual allegations to support her claims against each Defendant, and the relief she is seeking with respect thereto. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order; and it is further

ORDERED, that if Plaintiff fails to submit an Amended

Complaint within 30 days of the date of this Order, this Complaint will be dismissed with prejudice, and the case will be closed.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J

Dated: Central Islip New York
October 7, 2008